Filed 8/28/25  P. v. Huerta CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESUS ROBERT HUERTA,<br><br>Defendant and Appellant. | B338779<br><br>(Los Angeles County Super. Ct. No. KA132176) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Victor D. Martinez, Judge.  Conditionally reversed and remanded with directions.

Derek K. Kowata, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Susan Sullivan Pithey, Assistant Attorneys General, Jonathan J. Kline and Kristen J. Inberg, Deputy Attorneys General, for Plaintiff and Respondent.

Jesus Huerta appeals the denial of his motion for mental health diversion under Penal Code[1] section 1001.36.  Because insufficient evidence supports the trial court's finding, by clear and convincing evidence, that appellant was ineligible for mental health diversion because his substance abuse problem was not a motivating factor in his illegal possession of a gun, we conditionally reverse and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL BACKGROUND

On January 18, 2023, an officer was removing appellant from a vehicle when a black glove fell from his lap.  Appellant told officers it contained methamphetamine, and a search of the car yielded methamphetamine pipes and a loaded firearm.[2]

On February 17, 2023, appellant was charged by information with possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)), and carrying a loaded handgun in a vehicle (Pen. Code, § 25850, subd. (a)).

On April 15, 2024, appellant filed a motion for mental health diversion, which included a report from a psychiatrist who had examined appellant.  The psychiatrist opined that appellant "has a significant substance abuse problem which needs to be addressed," and that "he would be suitable for mental health diversion inasmuch as treatment will help with the substance abuse problem."  He further opined that appellant "could be safely managed in the community," and that "[m]any of his issues

---

[1] Undesignated statutory references are to the Penal Code.

[2] These facts are drawn from the preliminary hearing transcript.

2

. . . and many of his contacts with law enforcement" have been drug-related.

On April 29, 2024, the trial court held a hearing at which defense counsel argued that appellant's substance abuse contributed to his poor judgment and that "he was not even aware . . . that the firearm was in the vehicle," whereas, had he not been a drug user, appellant might have thought about whether there was a gun in the car such that he should not be driving it. The trial court denied the motion, noting that the doctor's report provides no support for the position that appellant's substance abuse disorder contributed to his commission of the offense.

On June 11, 2024, appellant pleaded no contest to carrying a loaded handgun in a vehicle (§ 25850, subd. (a)) in exchange for two years of formal probation and 180 days in jail.

## DISCUSSION

### 1.    Pertinent Law

Section 1001.36 authorizes pretrial mental health diversion for defendants with certain mental health disorders. (*People v. Whitmill* (2022) 86 Cal.App.5th 1138, 1147–1148 (*Whitmill*).) Pretrial diversion " 'allows for the suspension of criminal proceedings and potential dismissal of charges upon successful completion of mental health treatment.' " (*Vaughn v. Superior Court* (2024) 105 Cal.App.5th 124, 133 (*Vaughn*).) "The stated purpose of [mental health diversion] is to keep people with mental disorders from entering and reentering the criminal justice system while protecting public safety, to give counties discretion in developing and implementing diversion across a continuum of care settings, and to provide mental health rehabilitative services." (*Whitmill*, at p. 1149.)

The criteria for eligibility and suitability for diversion are set forth in section 1001.36, subdivisions (b) and (c). A defendant is *eligible* if: (1) the defendant has been diagnosed with a recognized mental health disorder; and (2) the disorder "was a significant factor in the commission of the charged offense." (§ 1001.36, subd. (b)(1)–(2).) "If the defendant has been diagnosed with a mental disorder, the court shall find that [it] was a significant factor in the commission of the offense unless there is clear and convincing evidence that it was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense." (*Id.*, subd. (b)(2).) "In practical terms . . . defendants with a proper mental health diagnosis will seldom be ineligible for diversion. The more difficult question will be determining whether they are suitable." (*People v. Harlow* (2025) 113 Cal.App.5th 485, 495 (*Harlow*).)

A defendant is *suitable* for diversion if: (1) a mental health expert opines that the defendant's mental health disorder contributing to the offense would respond to treatment; (2) the "defendant consents to diversion and waives [his] right to a speedy trial"; (3) the "defendant agrees to comply with treatment as a condition of diversion"; and (4) the "defendant will not pose an unreasonable risk of danger to public safety . . . if treated in the community." (§ 1001.36, subd. (c)(1)–(4).)

A trial court retains discretion to deny diversion even if the statutory requirements are met. (*People v. Qualkinbush* (2022) 79 Cal.App.5th 879, 888.) This discretion, however, must be exercised " ' "consistent with the principles and purpose of the governing law." ' " (*Lacour v. Superior Court* (2025) 110 Cal.App.5th 391, 401 (*Lacour*).)

4

We review a trial court's ruling on a request for mental health diversion for abuse of discretion, and its factual findings for substantial evidence. (*Lacour*, *supra*, 110 Cal.App.5th at p. 401.) "When reviewing a finding that a fact has been proved by clear and convincing evidence, the question before the appellate court is whether the record as a whole contains substantial evidence from which a reasonable fact finder could have found it highly probable that the fact was true." (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1011.)

## 2. Substantial evidence does not support the trial court's finding by clear and convincing evidence of a lack of nexus between appellant's mental disorder and crime

Here, the trial court "accept[ed] that [appellant] has a significant substance abuse problem," but found no indication that his substance abuse was linked to his illegal possession of a gun, beyond showing "that maybe he makes poor decisions." The court's finding was thus based on the absence of evidence of causation.[3] "But the absence of evidence proving that [appellant's] mental disorder *was* a factor in the commission of the offense[] is not substantial evidence supporting a finding by clear and convincing evidence that [his] mental disorder *was not*

---

[3] At the hearing on the motion for mental health diversion, defense counsel stated his understanding that appellant "was not even aware or did not fully appreciate the fact that the firearm was in the vehicle," in response to which the trial court asked, "if . . . he wasn't aware the gun was there, how could it be connected to his mental disorder?" We find no support for appellant's purported lack of awareness in the record. To the contrary, an officer testified at the preliminary hearing that appellant indicated there was a firearm "under the seat or in the glove compartment," and explained that it was there "to show a friend."

5

a factor in the commission of the offense[].'" (*Lacour*, *supra*, 110 Cal.App.5th at p. 404; accord, *Harlow*, *supra*, 113 Cal.App.5th at p. 491 ["The statutory presumption means it was the *People* who were required to show that one or more of [the] diagnosed disorders did *not* contribute to causing the incident"].) The People argue that appellant's explanation to an officer that he "possess[ed] the firearm to show a friend" provides a basis for a reasonable fact finder to find it "highly probable" that the disorder was not a factor in the offense. (*Conservatorship of O.B.*, *supra*, 9 Cal.5th at p. 1011.) But this explanation does not bear on the connection, or lack thereof, between his substance use disorder and his gun possession—he may well have intended to sell the gun to buy more drugs. At the very least, the statement alone provides an inadequate basis to conclude it was "highly probable" that appellant's substance use disorder was not a factor.

The court's statement at the end of the hearing that it "does not believe mental [health diversion] is appropriate in this particular case" suggests it might have opted to exercise its "residual discretion" to deny appellant's motion even had it found all other conditions had been met. We express no view on the propriety of such decision on remand, but note that " '[w]here the court chooses to exercise this residual discretion to deny diversion, its statement of reasons should reflect consideration of the underlying purposes of the statute and explain why diversion would not meet those goals.' " (*Lacour*, *supra*, 110 Cal.App.5th at p. 401.)

**DISPOSITION**

The judgment is conditionally reversed, the order denying appellant's motion for mental health diversion is reversed, and this matter is remanded for the trial court to reconsider appellant's motion in accordance with this opinion, including by determining appellant's suitability for diversion (Pen. Code, § 1001.36, subd. (c)), which it did not reach before.  If the court denies the motion, then it shall reinstate the judgment.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


RICHARDSON, J.


GOORVITCH, J.*

---

* Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7